**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————————

**No. 12-4661**

—————————————

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

      v.

ROBBY LEE MCFALLS, a/k/a Robbie Lee McFalls,

              Defendant - Appellant.

—————————————

Appeal from the United States District Court for the District of
South Carolina, at Anderson.   J. Michelle Childs, District
Judge.  (8:10-cr-01178-JMC-1)

—————————————

Submitted:  January 22, 2013      Decided:  January 24, 2013

—————————————

Before WILKINSON, NIEMEYER, and THACKER, Circuit Judges.

—————————————

Affirmed by unpublished per curiam opinion.

—————————————

James B. Loggins, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant.  William Corley Lucius, Assistant
United States Attorney, Greenville, South Carolina, for
Appellee.

—————————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robby Lee McFalls pled guilty without a plea agreement to two counts of mailing threatening communications, in violation of 18 U.S.C.A. § 876(c) (West Supp. 2012); and one count of influencing, impeding, or retaliating against a federal official by threatening or injuring a family member, in violation of 18 U.S.C.A. § 115 (West 2000 & Supp. 2012), and was sentenced to sixty months in prison. Counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no grounds for appeal, but explaining that McFalls believes the district court erred when it imposed his sixty-month sentence. The Government has declined to file a responsive brief and McFalls has not filed a pro se supplemental brief, despite receiving notice of his right to do so. Finding no error, we affirm.

After United States v. Booker, 543 U.S. 220 (2005), we review a sentence for reasonableness, using an abuse of discretion standard of review. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires the court to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 160-61 (4th Cir. 2008). Procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the

2

[18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2012)] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at 51.

"[I]f a party repeats on appeal a claim of procedural sentencing error . . . which it has made before the district court, we review for abuse of discretion" and will reverse unless we can conclude "that the error was harmless." United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). If, and only if, this court finds the sentence procedurally reasonable can the court consider the substantive reasonableness of the sentence imposed. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). We have reviewed the district court record and discern no procedural or substantive sentencing error in the district court's decision to impose the sixty-month below-Guidelines sentence.

We have examined the entire record in accordance with our obligations under Anders and have found no meritorious issues for appeal. Accordingly, we affirm the district court's judgment. This court requires that counsel inform McFalls, in writing, of the right to petition the Supreme Court of the United States for further review. If McFalls requests that a petition be filed, but counsel believes that such a petition

3

would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on McFalls. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED